[*General Term, October,* 1872.]

### SCULLY & DIXON *v.* WM. ACKMEYER ET AL.

In an action to enforce a sewer assessment, either against the property, or personally against the owner, where the entire transaction has arisen since the passage of the municipal code of 1869, the municipal corporation, and not the beneficiary of the claim, must be the party plaintiff.

The assignment, by the municipal corporation, of the claim to such beneficiary and directing payment to be made to him, does not empower the latter to maintain an action upon it in his name; nor can any assignee of such claim sue in his own name, but must use that of the municipality.

*I. J. Miller*, for plaintiffs.

*A. G. W. Carter*, for defendants.

YAPLE, J. This case stands upon demurrer to the petition, reserved for decision here from Special Term. The plaintiffs sue to recover a *sewer* assessment upon a lot in the city of Cincinnati, demanding a personal judgment against Ackmeyer, who holds a lease for ten years upon the premises, in which lease he covenanted with his lessor, among other things, to pay off and discharge all assessments that should be charged upon the property, and also asking to subject the land to the payment of the assessment. The entire transaction has arisen since the passage of the municipal code, May 7, 1869, and is governed by that act, and subsequent supplementary and amendatory statutes. After the assessment and completion of the

work, the city of Cincinnati formally assigned the claim to the plaintiffs, and they bring suit upon it in their own names. In support of the demurrer, it is insisted that the facts stated show that there is no cause of action subsisting in favor of the plaintiffs against the defendant, who demurs, but that, if the facts stated constitute any cause of action, it is one in favor of the city of Cincinnati only.

We think the demurrer well taken. The municipal code, in relation to the cost of sewers, section 627, provides that "proceedings for the recovery of the assessments, or the enforcement of the lien, shall be as directed in chapter forty-eight." That chapter, sections 546, 547, enacts that the assessment *may* be recovered, or the lien enforced *in the name of the corporation.* The former statute (2 S. & C. 1505, sec. 30), repealed by the municipal code, authorized such proceedings, either in the name of the corporation, "or in the name of any person to whom the municipal corporation shall have directed payment to be made." It will be seen that the clause authorizing the real owner of the claim to sue in his own name, if the corporation should direct payment to be made to him, has been repealed.

In this statute, "*may*" is obviously to be construed "*must,*" and the provisions of the code of civil practice, requiring actions to be brought in the name of the real party in interest, have no application to this special class of cases. Cases like this are to be considered as exceptions to the ordinary class. *Ohio, ex. rel. Attorney-General,* v. *Lee,* 21 Ohio St., and cases there cited. The alleged assignment by the city to the plaintiffs is no more than was the former direction of payment to the person by the corporation. But parties, by contract, can no more change the rules prescribed by statute governing parties to actions, than they can repeal such statute. The claim and right of enforcement are created and regulated by statute alone.

It is true that the municipal code expressly authorizes such claims to be assigned, but no right is given to the assignee to sue in his own name; he can no more do so

than an assignee of a *chose in action* at common law. As in that case, the real beneficiary has the right to use the name of the necessary legal plaintiff to enforce the right. A proper mode of styling such cases would be : "The (*City of Cincinnati*), for the use of A. B., against C. D." This would advise all concerned as to who really prosecutes the claim, and to whom payment is to be made. We consider no other question presented in the argument of counsel.

Demurrer sustained.